UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHANA K. EHRLER,

    Plaintiff,

    v.

NANCY A. BERRYHILL
(PREVIOUSLY CAROLYN W.
COLVIN),
Acting Commissioner of Social
Security,[1]

    Defendant.

No. 1:16-CV-00204-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 17 & 18. Ms. Ehrler brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Ms. Ehrler's Motion for Summary Judgment.

## I.     Jurisdiction

Ms. Ehrler filed her applications for Disability Insurance Benefits and Supplemental Security Income on September 15, 2010. AR 22, 235-242, 583. Her alleged onset date is October 1, 2008, AR 22, 235, 241, 583. Ms. Ehrler's applications were initially denied on January 18, 2011, AR 150-53, and on reconsideration on March 23, 2011, AR 158-68.

Hearings with Administrative Law Judge ("ALJ") R. J. Payne occurred on January 23, 2012, AR 42-62, and August 14, 2012, AR 63-95. On September 7, 2012, the ALJ issued a decision finding Ms. Ehrler ineligible for disability benefits. AR 22-35. The Appeals Council denied Ms. Ehrler's request for review on March 13, 2013, AR 1-3.

Plaintiff then filed an action challenging the ALJ's initial denial of benefits. AR 674-77. On October 6, 2014, the district court issued an Order and Judgment remanding the case for additional administrative proceedings. AR 650-73, 677.

On remand, a hearing with the ALJ was held on August 19, 2015. AR 609-49. On October 2, 2015, the ALJ issued a decision again finding Ms. Ehrler

ineligible for disability benefits. AR 580-602. The Appeals Council denied Ms.

Ehrler's request for review on April 19, 2016, AR 565-67, making the ALJ's ruling

the "final decision" of the Commissioner.

Ms. Ehrler timely filed the present action challenging the denial of benefits,

on June 27, 2016. ECF No. 5. Accordingly, Ms. Ehrler's claims are properly before

this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering

claimant's age, education, and work experience, engage in any other substantial

gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled within the meaning of the Social

Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926;

20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

## III.  Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is

harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Ms. Ehrler was 34 years old at the alleged date of onset. AR 235, 241, 600. She has a high school degree and at least two years of college. AR 255, 589, 598, 600. Ms. Ehrler is able to communicate in English. AR 600. Ms. Ehrler previously worked as an office assistant, a postal worker, a security guard, and a telemarketer. AR 255, 269, 600, 643.

## V.    The ALJ's Findings

The ALJ determined that Ms. Ehrler was not under a disability within the meaning of the Act from October 1, 2008, her alleged date of onset. AR 601.

**At step one**, the ALJ found that Ms. Ehrler had not engaged in substantial gainful activity since October 1, 2008 (citing 20 C.F.R. §§ 404.1571 et seq. & 416.971 et seq.). AR 586.

**At step two**, the ALJ found Ms. Ehrler had the following severe impairments: seizure disorder of unknown type, major depressive disorder, anxiety disorder NOS, somatization disorder, and personality disorder with borderline

histrionic and narcissistic features (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)). AR 586.

At **step three**, the ALJ found that Ms. Ehrler did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 586.

At **step four**, the ALJ found Ms. Ehrler had the residual functional capacity to perform a full range of work at all exertional levels with these nonexertional limitations: (1) no climbing ladders, ropes, or scaffolds; (2) no exposure to unprotected heights, hazardous machinery, or commercial driving; (3) she can understand, remember, and carry out detailed work instructions and work tasks but not complex work instructions or work tasks (e.g., no significant multitasking, no independent complex work related decisions, no frequent changes in the work setting); (4) she can handle occasional contact with the general public, co-workers, and supervisors and; (5) she can handle occasional workplace changes. AR 587.

The ALJ determined that Ms. Ehrler is able to perform her past relevant work as an office helper and as a security guard. AR 600-01.

At **step five**, the ALJ found that, in light of her age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the

national economy that she can perform, in addition to her past relevant work she is able to perform. AR 600-01.

## VI. Issues for Review

Ms. Ehrler argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by exceeding the scope of remand in violations of the rule of mandate.

## VII. Discussion

### A. The ALJ did not violate the rule of mandate.

The rule of mandate applies in the social security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The rule provides that any 'district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.'" *Id*. at 568 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). "The district court may, however, 'decide anything not foreclosed by the mandate'. . . . But the district court commits 'jurisdictional error' if it takes actions that contradict the mandate." *Id*. (citing *Hall*, 697 F.3d at 1067). "We have previously allowed district courts to reexamine any issue on remand that is not inconsistent with the mandate." *Id*. (citing *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995)).

The prior district court order correctly noted that the prior decision by the ALJ discounted Ms. Ehrler's credibility based on a failure to seek treatment for

seizure symptoms and mental health problems and found that the ALJ erred by not sufficiently developing the record regarding her credibility. AR 660-63. The prior order noted that pursuant to SSR 96-7p, and ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *See also Dean v. Astrue*, No. CV-08-3042-CI, 2009 WL 2241333, at *5 (E.D. Wash. July 22, 2009) (noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner"). AR 660-61.

Therefore, the prior order remanded the case and directed:

(1)     The ALJ should further develop the record concerning possible explanations for the lack of treatment and reevaluate Plaintiff's credibility in light of a more fully developed record. AR 663.

(2)     [t]he ALJ's errors with regard to the assessment of Plaintiff's credibility materially impacted the consideration of medical opinions concerning Plaintiff's limitations. These opinions should be revisited on remand after further development of the record and reconsideration of Plaintiffs credibility. AR 666.

(3)     Here, the ALJ concluded that Plaintiff retained the RFC to perform her past relevant work as a security guard and telemarketer. (T at 35). However, this conclusion was affected by the ALJ's decision to discount Plaintiff's credibility, which (in turn) influenced the assessment of Plaintiff's RFC. For this reason, the step four

analysis will need to be revisited on remand after reconsideration of Plaintiffs credibility and redetermination of her RFC. AR 670.

Just as *Dean v. Astrue*, No. CV-08-3042-CI, 2009 WL 2241333, at *5 (E.D. Wash. July 22, 2009) directs, the ALJ questioned Ms. Ehrler at the administrative hearing on August 19, 2015, to determine whether there are good reasons for not pursuing medical treatment. AR 618-19. Specifically, after noting that the medical experts had provided testimony at the current hearing as well as previously that there is a lack of consistent medical treatment, the ALJ directly asked "why is that, Ms. Ehrler?" AR 583, 614-15, 618. Ms. Ehrler responded, "Um, I really don't understand, that I really don't have an explanation about that." AR 619. Later during the remand hearing, Ms. Ehrler's attorney questioned her about her lack of explanation stating, "[e]arlier, you were asked how come you haven't received any counseling, but you didn't have an answer for that."[2] AR 635. Ms. Ehrler responded, "I did not have an answer for that because no one has referred me to one. Once the - - the insurance I used, they have to refer me to one, and they have not yet." *Id*.

In the ALJ's decision on October 2, 2015, the ALJ specifically noted Ms. Ehrler's direct statement that she had no explanation for her lack of treatment and addressed her statement about needed a referral for treatment. AR 592. In addition,

_____

[2] Ms. Ehrler, in her motion, attributes this statement to the ALJ; however, this statement was made by her attorney during the questioning of Ms. Ehrler by her attorney.

as required by the remand order, the ALJ reevaluated Ms. Ehrler's credibility in light of the entire record. AR 587-94. The ALJ addressed and discounted other possible explanations for Ms. Ehrler's lack of treatment as well as inconsistent statements, inconsistency with the treatment she did receive, and inconsistencies with Ms. Ehrler's daily activities and alleged level of impairment. *Id.*

In her motion, Ms. Ehrler takes issue with the ALJ's development of the record with the brief statement that "the remand order clearly required more of the ALJ to develop the record." ECF No. 17 at 14. In her reply brief, Ms. Ehrler contends that the remand order required the ALJ to ask more questions of Ms. Ehrler regarding possible explanations for her lack of treatment. However, the remand order directs the ALJ to further develop the record concerning possible explanations for the lack of treatment, and when directly asked about possible explanations for lack of treatment by the ALJ and by her attorney, Ms. Ehrler stated that she had no explanation. AR 618-19, 635, 633. "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d, 1111, 1115 (9th Cir. 1999). Ms. Ehrler did not provide any other possible explanations for her lack of treatment. *Id*. The remand order does not require the ALJ present Ms. Ehrler with examples or options of possible explanations from which she then may choose. Nevertheless, the ALJ did still properly take into

account, evaluate, and consider other possible explanations for the lack of treatment in the ultimate determination issued on October 2, 2015. AR 587-94. Thus the ALJ properly developed the record regarding Ms. Ehrler's explanation for her lack of treatment in accordance with the remand order.

Ms. Ehrler notes that the ALJ addressed "various new rationalizations, i.e., daily activities, inconsistent statements, for discrediting Ms. Ehrler's symptom testimony" and briefly states that "[t]hese statements are outside of this Court's remand order and need not be addressed." However, the remand order specifically states that the ALJ is to "reevaluate Plaintiff's credibility in light of a more fully developed record" and the remand was to include a "reconsideration of Plaintiff's credibility." AR 663, 666, 670. "Given the expansive remand orders in this case, the ALJ did not violate the rule of mandate." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016).

The remand order found the ALJ's error regarding Ms. Ehrler's credibility to have materially impacted the consideration of medical opinions and directed the ALJ to revisit the opinions on remand after further development of the record and reconsideration of Ms. Ehrler's credibility. AR 666. In addition, the ALJ was to re-determine Ms. Ehrler's residual functional capacity after reconsideration of her credibility. AR 670. Ms. Ehrler does not argue that the ALJ's re-visitation of the opinion evidence and reconsideration of her residual functional capacity, in

accordance with the remand order, violates the rule of mandate. Instead, Ms. Ehrler briefly reasserts that the ALJ failed to develop the record with regard to her credibility, and contends that as such the opinion evidence and her residual functional capacity cannot be properly examined. However, as directed by the remand order, the ALJ evaluated all of the opinion evidence and reconsidered Ms. Ehrler's residual functional capacity in the decision issued on October 2, 2015. AR 587-600.

Thus, the Court finds that the ALJ properly executed the district court's remand order and did not violate the rule of mandate.

**B. The arguments adopted and incorporated by reference fail.**

Ms. Ehrler does not present any specific argument in her opening brief or her reply brief addressing the ALJ's ultimate determinations in the decision issued on October 2, 2012, and she does not present this as an issue that the Court needs to address. Rather, in a footnote and in a passing sentence Ms. Ehrler states that she adopts and incorporates by reference the arguments she attaches as Appendix A and Appendix B, which she previously made over three years ago in 2014. ECF No. 17 at 13 n5, 18. Ms. Ehrler is referring to her motion for summary judgment and reply brief filed in April and June of 2014, addressing the ALJ's initial decision issued on September 7, 2012, that the district court ruled on in October 2014. Defendant objects to this incorporation by reference and contends that the

Court should not consider it an acceptable method of argument, which definitely avoids the Court's 20-page limitation for Ms. Ehrler's current motion for summary judgment to address the ALJ's current 2015 decision. ECF No. 18 at 14. In reply, Ms. Ehrler does not provide any legal support for her use of past briefing on a motion filed over three years ago, nor does she explain why she could not present argument in her current brief. Rather, Mr. Ehrler states that her arguments from the first appeal remain intact, and additional legal argument was required to address the claimed failure of the ALJ to address the court's instructions on remand.

Again, Ms. Ehrler does not actually present any argument against the ALJ's ultimate determinations in her briefing of her summary judgment motion, instead she attempts to incorporate by reference points and authorities set forth in a previous motion filed over three years ago. The Court is not obliged to consider such arguments. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (the Federal Rules of Civil Procedure do not sanction "the incorporation of substantive material by reference" and the district court did not abuse its discretion in striking the incorporations); *see, e.g., Calence, LLC v. Dimension Data Holdings, PLC*, 222 F. App'x 563, 566 (9th Cir. 2007) (the district court did not abuse its discretion in refusing to consider an argument contained in prior briefing

that the plaintiff incorporated by reference from briefing on a prior motion).[3] Thus the attempted incorporation by reference is inappropriate.

Nevertheless, the Court will briefly address Ms. Ehrler's arguments previously submitted regarding: (1) the ALJ's credibility determination; (2) the medical opinions; and (3) her argument regarding her residual functional capacity.

### 1. The ALJ Properly Discounted Ms. Ehrler's Credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the

---

[3]  *see also DeSilva v. DiLeonardi*, 181 F.3d 865, 866-867 (7th Cir.1999) ("Petitioners direct us to a document filed in the district court, but we have not read it because adoption by reference amounts to a self-help increase in the length of the appellate brief. . . .Even when a litigant has unused space (as appellants did not[]), incorporation is a pointless imposition on the court's time. A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.") (ellipsis inserted where citation omitted; insertions in brackets in superscript added where footnote omitted); *and see Fulghum v. Embarq Corp.*, 785 F.3d 395, 410 (10th Cir. 2015) (Plaintiff in appellate brief did not explain exactly why denial of motion for reconsideration on a point was an abuse of discretion but instead, in a footnote, incorporated by reference arguments made before the district court, directing the U.S. Court of Appeals for the Tenth Circuit to the forty-five pages in the appendix containing documents they filed in the district court; the Tenth Circuit held that "This is not acceptable appellate procedure. 'Allowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs set forth in the appellate rules and unnecessarily complicate the task of an appellate judge.' *Gaines–Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) (citations omitted). Accordingly, we deem the argument waived. *See id.*").

severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Ms. Ehrler alleges; however, the ALJ determined that Ms. Ehrler's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 591.

In consideration of Ms. Ehrler's credibility, the ALJ noted the infrequency of her treatment, the lack of treatment, the inconsistency of her treatment and inconsistency in following prescribed medication, and the fact that she specifically stated that she did not have an explanation for the inconsistencies and lack of treatment. AR 587-594. A claimant's statements may be less credible when

treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ also noted several inconsistent statements regarding her ability to be around others, her ability to leave the house, and her ability to take care of herself. AR 587-594. Additionally, the ALJ notes multiple daily activities that are inconsistent with Ms. Ehrler's alleged level of impairment. *Id*. Ms. Ehrler does not refute or address any of these findings the ALJ made in weighing her credibility.

The Court does not find the ALJ erred when assessing Ms. Ehrler's credibility because Ms. Ehrler's unrefuted activities reflect a level of functioning that is inconsistent with her claims of disability, as well as unrefuted inconsistent statements, unrefuted inconsistencies with the record, and a failure to treat her alleged impairments.

### 2. The ALJ Did Not Err in Weighing the Opinion Evidence.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. An ALJ may reject the opinion of a non-examining doctor by reference to specific evidence in the medical record. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

"Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

1    Ms. Ehrler does not present any argument in her current briefing regarding

2    the ALJ's weighing of the opinion evidence. As noted in the remand order, the

3    2014 brief submitted by Ms. Ehrler's counsel is not well organized and

4    unnecessarily difficult to parse and analyze. AR 658. However, the two opinions at

5    issue in the 2014 motion for summary judgment, where those of physician's

6    assistant Kathleen Duthie, and Dr. Frank Rosekrans. Once the ALJ re-evaluated

7    the opinion evidence in light of the updated credibility findings and with the

8    addition of yet another doctor refuting the findings of Ms. Duthie and Dr.

9    Rosekrans, the ALJ again afforded their opinions little weight. AR 596, 598.

10    The ALJ properly determined that the opinions of Ms. Duthie and Dr.

11    Rosekrans are inconsistent with the findings of other medical professionals as well

12    as their own findings, and are based on Ms. Ehrler's subjective complaints. *Id*. As

13    the remand order points out, it is reasonable for an ALJ to discount an opinion

14    predicated on subjective complaints found to be less than credible. *Bray v Comm'r*

15    *of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009). As stated above, the ALJ

16    properly discounted Ms. Ehrler's credibility, and the opinions based on her

17    subjective complaints that have been found less than credible are properly

18    discounted.

19    Thus the ALJ did not err is weighing the opinion evidence.

20    //

### 3. The ALJ Properly Determined the Residual Functional Capacity.

Pursuant to the remand order, the ALJ was to reassess Ms. Ehrler's residual functional capacity. AR 670. The ALJ appropriately did so. AR 587.

In her 2014 motion for summary judgment and briefing, Ms. Ehrler briefly attempts to argue that her assessed residual functioning capacity did not account for all of her limitations, based on Ms. Ehrler's subjective complaints and testimony. Specifically, Ms. Ehrler contends that the residual functional capacity is incomplete because it fails to take into account additional limitations from which she has suggested she suffers; however, the Court has already found no error in the ALJ's treatment of Ms. Ehrler's subjection complaint testimony and determined that the ALJ properly discounted her credibility. *See supra* at 16-18. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The ALJ properly determined Ms. Ehrler's residual functional capacity. Additionally, the ALJ found Ms. Ehrler can perform past relevant work and the vocational expert identified jobs in the national economy that exist in significant numbers that match the abilities of Ms. Ehrler, given her limitations. Thus, the Court finds the ALJ did not err in his analysis.

*//*

# VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 18,** is **GRANTED.**

3. **Judgment shall be entered in favor of Defendant** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 9th day of May, 2017.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge